UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-2096 |
| | ) |
| COOKIE GALLAWAY, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, filed his lawsuit on October 26, 2015. The Court dismissed plaintiff's original complaint for impermissibly joining unrelated claims and attempting to represent a class and directed plaintiff to file an amended complaint within thirty (30) days. The Court now grants plaintiff's [5] Motion to Amend Complaint. The amended complaint is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The plaintiff is a federal prisoner, awaiting sentencing, and currently being held at the Macon County Jail. The plaintiff claims that on September 12, 2015, he was arrested and taken to the Vermilion County Jail. The plaintiff alleges that during his arrest he was tased five times to the back of his head but was refused medical attention at the jail despite his request. One day later he was provided medical attention and given Ibuprofen. The plaintiff claims he still has headaches and continues to ask to be seen outside the jail but is refused. He claims continuing residuals and symptoms.

The Court has reviewed the amended complaint and held a merit review hearing to give plaintiff a chance to explain his claims to the Court. In reviewing the amended complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court concludes that plaintiff has stated a claim for deliberate indifference to a serious medical condition against defendant Nurses Cookie Gallaway and Shelly Harding and a claim for excessive force against the officer who tased him during the arrest. The plaintiff is unable to identify the officer involved in the alleged excessive force so the Court will add John Doe as a defendant until the officer can be identified.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states claims in violation of the Fourteenth Amendment for deliberate indifference to a serious medical need against defendants Cookie Gallaway and Shelly Harding and for excessive force against the John Doe officer. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's Motion to Amend Complaint [5] is GRANTED.

3. Plaintiff's Motion for Copy of Filed Documents [4] is DENIED.

4. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

5. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

8. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery

requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      9.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

      10.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      11.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      12.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      13.    The clerk is directed to add John Doe as a defendant.

      14.    The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

      Entered this 25th day of May, 2016.

      /s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE